IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JACQUELINE LANGFORD, individually
and on behalf of all wrongful death
beneficiaries of ALAN LEE LANGFORD,
deceased, ET AL.**                                                   **PLAINTIFFS**

**v.**                         **CIVIL ACTION NO.: 1:24-cv-159-GHD-JMV**

**JAMES DAVID MILHORN, individually
and as Next Friend of his minor child,
C.M., ET AL.**                                                                    **DEFENDANTS**

**<u>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO LIFT STAY</u>**

This matter is before the court on Plaintiffs' Motion to Lift the Stay [Doc No. 28]. For the reasons that follow, the motion is granted in part and denied in part. Specifically, the motion is granted, and the stay is lifted as to all parties, except as concerns discovery of C.M. As to him, only limited discovery in the form of a single interrogatory, answerable within ten (10) calendar days of the date it is served, will be allowed in the precise form described below. The stay as to C.M. will otherwise remain in effect throughout his sentencing, which is set for May 20, 2025.

<u>Relevant Background Facts</u>

On May 15, 2024, criminal charges were filed against C.M. for aggravated DUI and involuntary manslaughter arising from an automobile wreck on May 11, 2024. On July 23, 2024, a Superseding Indictment was entered against C.M. based on the Grand Jury's charges for two counts of aggravated DUI (Counts One and Three) and one count of involuntary manslaughter (Count Two).

On August 5, 2024, in the Circuit Court of Prentiss County, Mississippi, Plaintiffs filed the instant civil suit against C.M. for negligence and gross negligence in causing the accident and

1

against James David Milhorn for negligent entrustment as the owner of the vehicle that C.M. was driving. [Doc. No. 2]. Defendants removed the case to this court on August 28, 2024. [Doc. No. 1]. Defendants filed a Motion to Stay Proceedings on September 17, 2024, [Doc. No. 13] requesting that the Court stay the Plaintiffs' civil case against them until the parallel criminal proceedings against C.M. were resolved. Plaintiffs opposed the Motion to Stay. [Doc. No. 24]. This Court granted Defendants' Motion to Stay on November 19, 2024. [Doc. No. 27]. In that order, the Court stated:

> Accordingly, I find that the six factors weigh in favor of a stay of all proceedings in this case until the earlier of a verdict or plea in the parallel criminal matter or March 30, 2025, provided that the stay is not sooner extended on a motion found to be meritorious prior to that date.

[Doc. No. 27].

As explained in the undersigned's Stay Order [27], of principal concern to the Court in finding that most of the factors weighed in favor of staying the case were the implications for C.M.'s self-incrimination rights should he be exposed to questioning in the civil matter concerning the very same topic as the criminal one.

On January 31, 2025, C.M. pled guilty to Counts One and Three of the superseding indictment at the plea hearing before District Judge Sharion Aycock. The transcript of that plea hearing specifically reflects that C.M. "agrees to plead guilty under oath to the Superseding Indictment" as to Counts One and Three, and in exchange, the government "agrees not to charge the defendant with any other offenses arising from or related to . . . the charges and agrees to dismiss all other counts of the Superseding Indictment upon conclusion of sentencing on Counts One and Three." [Doc. No. 33] at 2.

2

Following the Plea Hearing, the Court entered its Order Setting Sentencing and directing the United States Probation Office to conduct a presentence investigation and prepare a pre-sentence report that must be disclosed to defense counsel on or before April 8, 2025. *Id*. After a process by which either party can lodge objections and suggested revisions to the report, it must be submitted in final form to the Court on or before May 6, 2025, in advance of the sentencing hearing set for May 20, 2025.[1] *Id*.

The Instant Motion and the Opposition

In support of the instant motion to lift the stay, Plaintiffs state that since C.M. has now pled guilty to two (2) counts of the superseding indictment and the United States is not bringing any further charges against him, C.M. has "agreed to waive his right to remain silent and other constitutional protections this Court was intending to protect in its [earlier] Order to grant a stay. Those concerns are now moot." [Doc No. 29] at 3. No legal authority for this waiver proposition is provided.

This purported waiver, Plaintiffs contend, when considered in connection with what Plaintiffs represent is a fast approaching (May 11, 2025) statute of limitations for any action against a Tennessee supplier of alcohol to C.M. preceding the accident, dictate that the stay of the civil case should be lifted so Plaintiffs may proceed to discover the identities of any potential defendants to such a claim(s).[2]

In response, Defendants oppose the lifting of the stay until sentencing in the criminal case has been finalized (currently set for May 20, 2025), which they contend has not occurred because

---

[1] The sentencing hearing was originally set for May 13, 2025, but was reset to May 20, 2025.
[2] Plaintiffs argue that to the extent that CM was unlawfully supplied with alcohol in Tennessee, where he apparently began his intoxicated driving prior to colliding with the Plaintiffs' vehicle, Tennessee's one-year limitations period would apply to claims against such suppliers. However, given the facts alleged to date, it is unknown to the undersigned whether Tennessee's one-year limitation period would, in fact, govern.

the District Judge over the criminal case must have accepted the guilty pleas offered by C.M. before it is considered final. [Doc. No. 33] at 4. According to Defendants, rather than having accepted C.M.'s guilty pleas to Counts One and Three at the plea hearing, the Court only scheduled the sentencing hearing and ordered the United States Probation Office to complete a Pre-Sentence Report in advance of it. Defendants also assert that as to Count Two, the vehicular manslaughter charge, it remains pending and will not be dismissed until the sentencing hearing is complete. Specifically, they note the Plea Agreement states that the "United States … agrees to dismiss all other counts of the Superseding Indictment upon conclusion of sentencing on counts One and Three[.]" [Doc. No. 32-2]. Thus, Defendants argue, "all concerns related to C.M.'s Fifth Amendment protections are still threatened by civil discovery no different than when the civil stay was originally entered, as the plea has not been finalized and is subject to the Court's acceptance or rejection." [Doc. No. 33] at 5.

In reply, Plaintiffs note that contrary to Defendants' assertions, the transcript of the plea hearing indicates the District Judge *did* accept the guilty pleas C.M. offered because Judge Aycock specifically ruled, in relevant part, "the plea [to counts 1and 3] is accepted, and I now adjudicate you guilty of Counts 1 and 3 of the superseding indictment." [Doc. No. 34-1] at 23. Therefore, Plaintiffs contend Defendant C.M.'s **"concerns for his protections against self-incrimination are, in fact, now moot."** [Doc. No. 34] at 2. Again, however, no legal authority for this proposition is provided.[3]

---

[3] In light of the fact that the Defendants did not address the one-year statute of limitations period argument Plaintiffs raised in support of lifting the stay, the undersigned requested of them a sur-reply. However, in it, the Defendants did not address that issue or any other issue that was not already addressed herein.

The Law and Analysis

The applicable standard for a stay of civil proceedings in deference to parallel criminal proceedings is a discretionary one which stems from a district court's inherent power to manage its own docket and dispose of cases "'with economy of time and effort for itself, for counsel, and for litigants.'" *Rogers v. Tallahatchie Gourmet, L.L.C.,* 2019 WL 6736224, at *2 (N.D. Miss. Dec. 11, 2019) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). In the Fifth Circuit, to determine whether a movant has established that a stay is warranted, the court weighs six factors: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public's interest." *Id.*, *see, e.g., Tajonera v. Black Elk Energy Offshore Operations, L.L.C.*, 2015 WL 893447, at *9 (E.D. La. Mar. 2, 2015).

In the undersigned's order staying the instant civil action in favor of the parallel criminal case against C.M., the above factors were carefully analyzed. [Doc. No. 27]. Principal among those considerations, as related to factors 1, 2, and 4, was the resulting burden on C.M. of "being compelled to choose between invoking his Fifth Amendment rights or jeopardizing his defense in the civil suit, when an adverse inference may be drawn from [his] silence." *Id.* at 5-6. The burden of the more liberal scope of civil discovery, together with the impracticality of asserting the Fifth Amendment selectively where the facts on which the criminal and civil cases against C.M. are virtually identical, likewise prejudiced the criminal defense.

5

But now, as discussed above, because C.M.'s guilty pleas to Counts One and Three have been accepted by the presiding District Judge, Plaintiffs contend he is no longer in criminal jeopardy arising from testimony he might give in the instant civil case.

They are in error. To the contrary, in *Mitchell v. United States*, 526 U.S. 314, 325 (1999), the Supreme Court found the privilege against self-incrimination is not waived or extinguished by entry of a guilty plea; rather, the privilege remains unimpaired through sentencing. *Mitchell v. United States,* 526 U.S. 314, 324–327 (1999). This is so, **"**because of the danger of responding to questions that might have an adverse impact on [the criminal defendant's] sentence or on his prosecution for other crimes." *Id.* at 327. In sum, "liability for punishment continues until sentence has been imposed." *Id.* at 326. Thus, "[w]here the sentence has not yet been imposed a defendant may have a legitimate fear of adverse consequences from further testimony." *Id.; United States v. Hernandez,* 962 F.2d 1152, 1161 (5th Cir. 1992). This is particularly true given that a defendant's guilty plea is more like an offer to stipulate that he has done "some of" the proffered conduct which is sufficient for the court to find an adequate factual basis for the plea, not to illicit a waiver of the privilege for proceedings still to follow. *Mitchell,* 526 U.S. at 324–325.

In view of the forgoing authority, and in light of the fact that Plaintiffs have offered no authority at all to the contrary, I find that my previous analysis with respect to factors 1, 2, 4, 5 and 6 remains applicable and dictates that, with one narrow exception addressed below, a continued stay of the instant civil case as to C.M. through his sentencing is appropriate. On the other hand, I also conclude as to factor 3 that Plaintiffs' concerns about a potential applicable one-year statute of limitations to some of the yet unasserted claim(s) that might be civilly brought against other defendants, is at least potentially critical to those claims.[4]

---

[4] "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam). "Equitable tolling

Given these competing concerns, I find most appropriate a very narrow lifting of the stay of the civil action against C.M. In particular, Plaintiffs will be entitled to issue a single interrogatory to C.M., answerable ten (10) days thereafter, as follows:

> State the name and address, if known, of any individual or entity who provided, supplied, sold or otherwise made available to you any of the alcohol you consumed in the 12-hour period immediately preceding the time of the subject car crash on May 11, 2024. Include in your response the time and date, or approximate times and dates, that the acquisition/provision was made.

In all other respects, as to C.M., the stay will remain in effect through sentencing. The stay will lift, however, as to the remaining litigants in the civil case and a status conference will be promptly held to set scheduling deadlines so the matter can be set for trial and the case prepared for it.

IT IS, THEREFORE, ORDERED that Plaintiffs' Motion to Lift the Stay [Doc No. 28] is hereby **granted in part and denied in part,** as explained above.

**SO ORDERED**, this the 19th day of March, 2025.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

.

---

applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Id.* However, the undersigned cannot determine here whether such tolling might ultimately be determined applicable due to the heretofore Court-imposed stay, to such hypothetical claims against unknown defendants.