IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JACQUELINE LANGFORD, Individually and
on behalf of all wrongful death beneficiaries
of ALAN LEE LANGFORD, deceased                                    PLAINTIFFS

And

JACQUELINE LANGFORD As Next friend of
Her Minor child, J.L.
v.                                          CIVIL ACTION NO. 1:24-cv-00159-GHD-JMV

JAMES DAVID MILHORN, Individually and
As Next Friend of his minor child,
C.M.; C.M., Individually, and THE STANDARD
FIRE INSURANCE COMPANY and SHREE SAI
BABA, INC. d/b/a BORO LIQUORS and SAMIR
A. PATEL                                                          DEFENDANTS

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STAY

This matter is before the Court on Defendants Samir. A. Patel and Shree Sai Baba, Inc.'s motion to stay proceedings until resolution of two motions to dismiss[1] [Doc. 99], and Plaintiff's response in opposition [Doc. 102]. The time for a reply has now passed and this matter is fully briefed. For the reasons that follow, the motion to stay is granted in part and denied in part. In particular, the attorney conference, disclosure requirements and all discovery are stayed in this matter in accordance with Local Rule of Civil Procedure 16(b)(3)(B) pending a ruling on the Defendants' Motion to Dismiss for Lack of Jurisdiction. [Doc. 95]. Should any party wish to seek *jurisdictional* discovery they may petition to do so in the form of a motion in accordance with Local Rule of Civil Procedure 16(b)(3)(B) and applicable case law. Defendants' additional request

---

[1] The first is a 12(b)(2) motion to dismiss for lack of subject matter jurisdiction, [Doc. 95], the second a 12(b)(6) motion to dismiss for failure to state a claim, [Doc. 94].

to stay this matter pending a ruling on their 12(b)(6) Motion to Dismiss for Failure to State a Claim is denied without prejudice. [Doc. 94].

This matter stems from an automobile wreck that occurred on May 11, 2024, that resulted in the death of Alan Lee Langford and the injury to minor child, J.L., when their car collided with a car driven by C.M., also a minor. On May 15, 2024, criminal charges were filed against C.M. for aggravated DUI and involuntary manslaughter. On July 23, 2024, a Superseding Indictment was entered against C.M. based on the Grand Jury's charges for two counts of aggravated DUI (Counts One and Three) and one count of involuntary manslaughter (Count Two).

On Augst 5, 2024, in Prentiss County State Court, Plaintiff filed the instant civil suit against C.M. for negligence and gross negligence in causing the accident and against James David Milhorn for negligent entrustment as the owner of the vehicle that C.M. was driving. [Doc. No. 2]. Defendants removed the case to this court on August 28, 2024 under diversity jurisdiction. [Doc. No. 1]. Defendants filed a Motion to Stay Proceedings on September 17, 2024, [Doc. No. 13] requesting that the Court stay the Plaintiff's civil case against them until the parallel criminal proceedings against C.M. were resolved. Plaintiff opposed the Motion to Stay. [Doc. No. 24]. The Court granted Defendants' Motion to Stay on November 19, 2024. [Doc. No. 27].

On January 31, 2025, C.M. pled guilty to Counts 1 and 3 of the superseding indictment at a plea hearing before District Judge Sharion Aycock. On February 24, 2025, Plaintiff moved to lift the stay to allow them to conduct discovery to pursue claims against parties they believe provided C.M. with alcohol prior to the crash. [Doc. 28]. On March 19, 2025, the Court partially granted Plaintiffs' motion allowing Plaintiffs to issue a single interrogatory to C.M. requesting information identifying individuals or entities who provided him alcohol in the 12-hour period preceding the crash. [Doc. 36].

On June 24, 2025, District Judge Aycock entered a final order in the parallel criminal matter which led to the undersigned lifting the remainder of the stay in this civil action. [Doc. 65].

On September 26, 2025, Plaintiff filed an unopposed motion seeking leave to amend their complaint [Doc. 78] which the Court subsequently granted. [Doc. 79]. This amended complaint added two new Defendants: She Sai Baba Inc. and Samir A. Patel, who Plaintiff alleges provided C.M. with the alcohol he consumed prior to the crash. [Doc. 80].

On December 1, 2025, Defendants Shree Sai Patel and Shree Sai Baba Inc. filed two motions. The first motion seeks to dismiss claims against them for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), arguing that the statutes cited by Plaintiffs are not applicable or appropriate in this forum. [Doc. 94]. The second motion seeks to dismiss claims against them for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). [Doc. 95].

On December 16, 2025, Defendants Shree Sai Patel and Shree Sai Baba Inc. filed the present motion seeking to stay all proceedings in this matter until both of their motions to dismiss were ruled upon. [Doc. 99]. The moving Defendants argue that in order to conserve party and court resources, the Court should stay this matter until a ruling on both motions to dismiss, as a ruling in their favor on either motion would dismiss all claims against them.

On January 2, 2026, Plaintiffs responded in opposition to the motion to stay. [Doc. 102]. Plaintiffs argue that stays of discovery are discretionary and disfavored under the Mississippi Rules of Civil Procedure and that staying discovery would unfairly prejudice them because they must conduct discovery to challenge defendants' motion to dismiss for lack of personal jurisdiction

No other Defendant has filed a response to the motion, and the moving Defendants' deadline to file a reply has now passed.

Jurisdictional Stay

Local Uniform Civil Rule 16(b)(3)(B) provides that "[f]iling a motion to compel arbitration, or a motion asserting an immunity defense or jurisdictional defense stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal." L. U. Civ. R. 16(b)(3)(B). Since Defendants Shree Sai Patel and Shree Sai Baba Inc. have filed a motion to dismiss for lack personal jurisdiction [Doc. 95] the local rule is triggered, the attorney conference and disclosure requirements and all discovery in this case should be stayed. Plaintiff's citations to the Mississippi Rules of Civil Procedure are unpersuasive, as they do not apply in this context. The *Erie* line of authorities holds that substantive state law must be applied in federal courts in diversity cases like this one, but state procedural law yields to the applicable Federal Rules. *Klocke v. Watson*, 936 F.3d 240, 244 (5th Cir. 2019), as revised (Aug. 29, 2019); *Erie R.R. v. Tompkins,* 304 U.S. 64 (1938).

Plaintiff's further assertion that she will be prejudiced by a stay of discovery, as discovery is necessary to ascertain whether Defendants have sufficient minimum contacts to Mississippi to overcome defendants' personal jurisdiction challenge, is also unpersuasive as Plaintiff may seek jurisdictional discovery by filing a meritorious motion seeking leave from the stay of discovery as

contemplated by L. U. Civ. R. 16(b)(3)(B)[2] allowing her to conduct specified and necessary discovery of facts relevant to the issue of disputed jurisdiction.[3]

General Stay

The moving Defendants also request that this case be stayed pending their motion to dismiss for failure to state a claim. [Doc. 94].

Generally speaking, a district court has broad discretion to stay proceedings and exercise control of its own docket and the course of litigation, including the discovery process. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n. 114 (5th Cir. 1990) ("Trial courts possess broad discretion to supervise discovery."). *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (explaining district court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.").

In weighing a motion for a stay pending resolution of a non-jurisdictional challenge courts consider (1) hardship and inequity on the moving party without a stay; (2) prejudice the non-

---

[2] "Whether to permit discovery on issues related to the motion and whether to permit any portion of the case to proceed pending resolution of the motion are decisions committed to the discretion of the court, upon a motion by any party seeking relief." L. U. Civ. R. 16(b)(3)(B).

[3] "[W]hile a court should determine whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, some jurisdictional discovery may be warranted if the issue of subject matter jurisdiction turns on a disputed fact." *In re MPF Holdings US LLC*, 701 F.3d 449, 457 (5th Cir. 2012) (citing *Eckstein Marine Serv., L.L.C. v. Jackson*, 672 F.3d 310, 319-20 (5th Cir. 2012))."[ Still,] "[t]he party seeking discovery must establish its necessity and does so by making 'clear which specific facts he expects discovery to find.'" *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 902 (5th Cir. 2024) (internal citations omitted) (citing *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021)). When this discovery is permitted, it must occur "on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004). *See also*, *Kelly v. Syria Shell Petroleum v. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (denying discovery where plaintiffs failed to "describe the discovery they contend should have been allowed, what facts they hoped to obtain from such discovery, or how it would produce information that would support specific jurisdiction."); *Hodges v. Admin. Sys., Inc.*, No. 4:25-CV-92-DMB-JMV, 2025 WL 2966884, at *5 (N.D. Miss. Oct. 20, 2025).

moving party will suffer if a stay is granted; and (3) judicial economy. *Hall v. Equifax Info. Servs., LLC*, No. 3:25-CV-141-SA-JMV, 2025 WL 3094803, at *1 (N.D. Miss. Nov. 5, 2025). A stay of discovery pending the outcome of a motion to dismiss for failure to state a claim "is the exception rather than the rule." *Ford Motor Company v. United States Auto Club, Motoring Division, Inc.*, No. 3-07-CV-2182-L, 2008 WL 2038887, at *1 (N.D. Tex. Apr. 24, 2008). "While, in theory, a court may find good cause to stay discovery when there is a pending 12(b)(6) motion, in practice such stays are very rare, and almost never wise." *YETI Coolers, LLC v. Magnum Solace, LLC*, No. 1:16-CV-663 RP, 2016 WL 10571903, at *1 (W.D. Tex. Oct. 19, 2016). *See Harris v. DeSoto Cnty., Mississippi*, No. 3:24-CV-289-GHD-RP, 2025 WL 262443, at *3 (N.D. Miss. Jan. 22, 2025).

In this case, because the discovery stay discussed above will remain in place pending a ruling on the 12(b)(2) motion or grant of limited jurisdictional discovery on proper motion, allegations of hardship or prejudice occasioned by the occurrence of general discovery is entirely premature and speculative and cannot support a stay of the basis of the pending 12(b)(6) motion. If a ruling on the 12(b)(1) motion is entered and the above granted stay is lifted while the 12(b)(6) motion remains pending, Defendants may reurge their request for a stay at that time.

IT IS, THEREFORE, ORDERED that the Motion to Stay is hereby granted in part and denied in part. The attorney conference, disclosure requirements and all discovery in this matter shall be stayed in this matter until a ruling on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction. [Doc. 95]. Defendants' request to stay this matter pending a ruling on their Motion to Dismiss for Failure to State a Claim is denied without prejudice. [Doc. 94].

**SO ORDERED**, this the 16th day of January, 2026.

/s/ Jane M. Virden

**UNITED STATES MAGISTRATE JUDGE**