IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JACQUELINE LANGFORD, Individually and
on behalf of all wrongful death beneficiaries of
ALAN LEE LANGFORD, deceased; et al.                                    PLAINTIFFS

v.                                      CIVIL ACTION NO. 1:24-cv-00159-GHD-JMV

JAMES DAVID MILHORN, Individually and
as Next Friend of his minor child, C.M.; et al.                        DEFENDANTS

## OPINION

Presently before the Court is the remaining Defendants Shree Sai Baba, Inc. d/b/a Boro

Liquors and Samir A. Patel's motion to dismiss [94] pursuant to Rule 12(b)(6) for failure to state

a claim.[1] The Plaintiffs have not responded in opposition to the Defendants' motion. Upon due

consideration, the Court finds the motion should be granted and the Plaintiffs' remaining claims

dismissed, including for reasons the Court raises *sua sponte*, as further described below.

### I.       Factual and Procedural Background

This litigation arises out of a motor vehicle accident that occurred on May 11, 2024, on the

Natchez Trace Parkway in Prentiss County, Mississippi [First Amd. Cmpl., Doc. 80, at p. 3]. The

Plaintiffs' Decedent, along with the primary Plaintiff's son, were passengers in one vehicle; the

Defendant C.M. was driving the other vehicle [*Id.*]. C.M. was driving under the influence of

alcohol and at an excessive rate of speed when the vehicles had a head-on collision that resulted

in the death of the Plaintiffs' Decedent and severe injuries to the primary Plaintiff's son [*Id.*]. The

---

[1] The other defendants in this action, James David Milhorn, C.M., and The Standard Fire Insurance Company, have all resolved the Plaintiffs' claims that were pending against them and they have been dismissed as defendants [107, 121].

Plaintiffs aver C.M. was provided alcohol, in Tennessee, by the remaining Defendants prior to driving to Mississippi [*Id.* at p. 4].

The Plaintiffs filed a state court action against the remaining Defendants in Tennessee, on or before May 15, 2025, in which they assert claims against the remaining Defendants under Tennessee law for the sale of alcoholic beverages to a minor causing death or personal injury [94-1].[2] The present litigation in this Court against the remaining Defendants followed on September 29, 2025, when the Plaintiffs filed the present Amended Complaint wherein the Plaintiffs assert identical Tennessee law claims as well as claims under Mississippi's "dram shop" statutes against the remaining Defendants [80, at p. 6]. Those Defendants have now moved to dismiss the Plaintiffs' claims [94], pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Plaintiffs have not filed an opposition to the Defendants' motion.

## II. Standard of Review

### A. Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"

---

[2] The Court notes it may take judicial notice of related pleadings filed in other courts, including state courts. *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020); *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x. 351, 352 (5th Cir. 2007) ("A court may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings"); *Gray v. Beverly Enters.-Mississippi, Inc.*, 390 F.3d 400, 407 n.7 (5th Cir. 2004).

*Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

### B.   *Colorado River* Abstention

Pursuant to the *Colorado River* abstention doctrine, a district court may dismiss a federal suit when there is a parallel suit pending in state court. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976). The *Colorado River* doctrine applies when there are pending parallel proceedings in federal and state court involving the same parties and issues. *RepublicBank Dallas, Nat'l Ass'n v. McIntosh,* 828 F.2d 1120, 1121 (5th Cir. 1987).

The Defendants do not specifically argue for the application of the *Colorado River* abstention doctrine. The court, however, may raise the application of the doctrine *sua sponte.*

*Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844, 851 (5th Cir. 2009); *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n. 1 (5th Cir. 1999) ("[A]bstention may be raised by the court *sua sponte*") (citing *Bellotti v. Baird*, 428 U.S. 132, 143, n.10 (1976)); *Luck v. Smith*, No. 92–2779, 1994 WL 397910, at *5 (5th Cir. July 15, 1994); *Franco v. Dugan*, No. CV 17-6559, 2017 WL 6040050, at *4 (E.D. La. Dec. 6, 2017).

Under the *Colorado River* abstention doctrine, when the proceedings in two actions pending in state and federal court are sufficiently parallel, the federal court is to consider the following six factors in deciding whether abstention on its part is appropriate:

(1)     the assumption of jurisdiction over any real property by either court;

(2)     relative inconvenience of either of the forum courts;

(3)     avoidance of piecemeal litigation;

(4)     the order in which each of the courts obtained jurisdiction;

(5)     the extent to which federal law controls; and

(6)     the adequacy of the state court proceedings to protect the rights of the party invoking federal jurisdiction.

*Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006).

### III.    Analysis and Discussion

#### A.    Mississippi State Law Claims

First, the Court considers the Plaintiffs' Mississippi state law claims under Miss. Code Ann. §§ 67-3-53(b) and 67-3-70. The Defendants argue the Plaintiffs cannot state a claim for relief under the relevant Mississippi statutes because the subject alleged sale of alcohol did not occur in Mississippi. The Court agrees.

The Statement of Purpose for Chapter 3 of Title 67 of the Mississippi Code states the purpose of Chapter 3 relates solely to "the sale within this state" of alcoholic beverages. Miss.

4

Code Ann. §67-3-1. Here, it is undisputed that the subject sale of alcohol did not occur in Mississippi, but rather took place in Tennessee. Accordingly, the Mississippi statutes upon which the Plaintiffs base their Mississippi state law claims is inapplicable and the Plaintiffs cannot state a viable claim for relief under these statutes. The remaining Defendants' motion to dismiss these claims shall therefore be granted.

B. Tennessee State Law Claims

As for the Plaintiffs' Tennessee state law claims, while the Defendants argue the claims should be dismissed because the Tennessee state court in which the Plaintiffs have previously filed suit is "the more appropriate forum" to handle these claims, the Defendants do not specifically invoke the Supreme Court's *Colorado River* abstention doctrine. Because the Court finds the doctrine requires abstention and dismissal of these claims, the Court hereby *sua sponte* invokes the doctrine.[3]

In *Colorado River*, the Supreme Court recognized a district court's authority to abstain from exercising jurisdiction over parallel state and federal proceedings because of "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River*, 424 U.S. at 817. Abstention under the *Colorado River* doctrine applies "when suits are parallel, having the same parties and the same issues." *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 540 (5th Cir. 2002)).

First, the Court will consider if the proceedings are parallel, and, if they are, the Court will then review the six pertinent factors to determine if abstention is appropriate. *African Methodist*

---

[3] As noted above, regardless of the form of the Defendants' request, the Court is under a continuing duty to examine its jurisdiction in all matters and the Fifth Circuit has made clear district courts may address the propriety of abstention *sua sponte*. *Lawrence v. McCarthy*, 344 F.3d 467, 470 (5th Cir. 2003); *Murphy*, 168 F.3d at 737 n.1.

*Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014) ("As an initial step, before applying the factors, the court must determine if litigation is sufficiently parallel") (internal quotations omitted).

### 1.    Parallel Proceedings

As a threshold matter, the Court must determine whether there are pending parallel state and federal proceedings. The federal and state court suit must involve the same parties and the same issues for the litigation to be considered parallel. *Stewart*, 438 F.3d at 491. A parallel proceeding exists if there is a "substantial similarity" between the state and federal proceedings, which occurs when there are similar parties and "a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Id.*; *Brandi's Hope Community Services, LLC v. Graf*, No. 1:18-CV-22-NBB-RP, 2018 WL 3520126, at *2 (N.D. Miss. 2018).

In the case *sub judice*, both the state and federal proceedings involve the same identical parties. Additionally, both the state and federal court proceedings involve the same dispute and the same claims. Because the two proceedings here present the same issue and claims – Tennessee state law claims related to the subject May 11, 2024, vehicular accident occurring on the Natchez Trace in Prentiss County - any decision rendered in the state court "will fully dispose of the claims presented" in this proceeding. See *Air Evac EMS, Inc. v. Tex., Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 520 (5th Cir. 2017) (holding that, in making this determination, a court should "look both to the named parties and to the substance of the claims asserted to determine whether the state proceeding would be dispositive of a concurrent federal proceeding."); *Wittner v. Schwartz*, No. 3:19-CV-3-DMB-JMV, 2020 WL 853543, at *2 (N.D. Miss. Feb. 20, 2020) (holding "[t]he critical question is whether there is a substantial likelihood that the state litigation will dispose *of all claims* presented in the federal case.").

6

Here, because the Plaintiffs have asserted identical claims in the Tennessee state court and this Court against the same parties, the Court finds there is, at minimum, a substantial likelihood the state litigation will dispose of the claims pending in this federal proceeding. Accordingly, the Court finds these suits are parallel. Because the Court has determined these proceedings are parallel, it must now consider the *Colorado River* factors to determine if the circumstances warrant abstention.

## 2. *Colorado River* Factors

As noted above, once the Court has found the two actions to be sufficiently parallel, the Court must then consider the following factors to determine whether circumstances exist that warrant abstention:

(1) the assumption of jurisdiction over any real property by either court;

(2) relative inconvenience of either of the forum courts;

(3) whether maintaining separate actions may result in piecemeal litigation;

(4) the order in which jurisdiction was obtained by each court;

(5) whether state or federal law controls; and

(6) the adequacy of the state court proceedings to protect the rights of the party invoking federal jurisdiction.

*Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).

### a. *Is there real property over which one court has established jurisdiction?*

Here, there is no real property involved in either proceeding; the Court therefore finds this factor is neutral. *Stewart*, 438 F.2d at 492.

7

> b.     *Relative Inconvenience of Either Court*

This factor "primarily involves the physical proximity of the federal forum to the evidence and witnesses." *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988). Here, the subject state court is located in neighboring Tennessee, so the location of that Court does not cause substantial inconvenience to the parties, particularly given that the Plaintiffs filed suit in that court and the Defendants are Tennessee residents. Accordingly, this factor is neutral. *Aptim Corp. v. McCall*, 888 F.3d 129, 138 (5th Cir. 2018).

> c.     *Avoidance of Piecemeal Litigation*

The existence of piecemeal litigation was the *Colorado River* court's primary reason for deciding to abstain because it sought to avoid inconsistent adjudication of the two separate cases. *Colorado River*, 424 U.S. at 824; see *Stewart*, 438 F.3d at 492 (holding that when duplicative litigation exists, *Colorado River* prevents "piecemeal litigation, and the concomitant danger of inconsistent rulings . . .") (citing *Black Sea Inv. v. United Heritage Corp.*, 204 F.3d 647, 650-51 (5th Cir. 2000)); *Safway Servs., LLC v. P.A.L. Envtl. Safety Corp.*, No. 4:19-CV-8-SA-RP, 2019 WL 3806626, at *3 (N.D. Miss. Aug. 13, 2019). Accordingly, this factor is crucial to the Court's determination.

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *LaDuke v. Burlington N.R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989). Because the policies underlying the *Colorado River* abstention doctrine are "considerations of '[w]ise judicial administration,'" courts have given the *greatest weight* to considerations of avoiding piecemeal litigation in deciding whether abstention is appropriate. *Colorado River,* 424 U.S. at 817, 819 (holding that the most important factor in that case weighing in favor of abstention was the avoidance of piecemeal litigation).

The pertinent question with respect to this factor is whether the existence of piecemeal litigation presents a danger of inconsistent rulings. At issue in both the state and federal proceedings here is the Defendants' potential liability under Tennessee law for the Plaintiffs' injuries. Moreover, the Plaintiffs' first-filed state court action completely duplicates the claims they have asserted in this action. If the state and federal court proceedings were to continue simultaneously, therefore, both courts will be required to consider the same evidence and laws to determine whether the Defendants are liable. The courts could reach different results on this question. Thus, there is a significant risk this Court and the state court could duplicate efforts and reach different results with respect to the Plaintiffs' claims. Accordingly, the Court finds that piecemeal litigation exists, and there is a danger of inconsistent results between the state court and this Court. The Court therefore finds this factor weighs strongly in favor of abstention. *Safway Servs., LLC*, 2019 WL 3806626, at *4; see *LaDuke,* 879 F.2d at 1560–61 (district court did not abuse its discretion by abstaining under *Colorado River* when there was a danger of piecemeal litigation because "identical issues" would be litigated simultaneously in state and federal courts).

Accordingly, given the identity of the parties and the claims in these two proceedings and the danger of inconsistent rulings, the Court finds that this factor weighs strongly in favor of abstention.

### d. The Order in Which Jurisdiction was Obtained by Each Court

Here, the state court litigation was filed some four months prior to the filing of the complaint in this matter – the Plaintiffs filed the state court action on May 15, 2025, and commenced this litigation against these Defendants in this Court on September 29, 2025. Further, as the Court has already observed, the claims in the state court litigation and this case are identical. Therefore, the court finds this factor weighs strongly in favor of abstention. See, e.g., *Brandi's*

9

*Hope*, 2018 WL 3520126, at *3 (holding that this factor weighed in favor of abstention when state court suit was filed less than four months prior to initiation of federal action).

### e.    Does state or federal law control?

In the case *sub judice*, no federal claims are pending before this Court; the sole subject claims are state law claims under Tennessee law. Because the claims are state law claims and the Tennessee state court has jurisdiction to consider the Plaintiffs' claims, and that court has had the Plaintiffs' claims before it for four months longer than this court, the court finds this factor weighs in favor of abstention.

### f.    Is the state forum adequate to protect the federal plaintiff's rights?

Here, neither party alleges the Tennessee state court, which first had jurisdiction, is inadequate to protect the Plaintiffs' rights. The Court finds the Tennessee court, given that solely Tennessee state law claims are at issue, can ably protect the Plaintiffs' rights and adjudicate the Plaintiffs' pending claims. Accordingly, the Court finds this factor weighs in favor of abstention.

In sum, from the analysis of the six factors, the Court concludes that factors 3, 4, 5, and 6 weigh in favor of abstention, and in particular the most crucial factor, the avoidance of piecemeal litigation, weighs strongly in favor of abstention because the Plaintiffs' state court litigation will be determinative of the Plaintiffs' claims in this Court. The Court further finds that factors 1 and 2 are neutral, and that none of the factors weigh against abstention. Accordingly, this case presents circumstances warranting abstention, and the Court will abstain in favor of the state court proceeding and dismiss this case. See *Colorado River,* 424 U.S. at 819–20.

### IV.    Conclusion

In sum, for all of the foregoing reasons, considering the relevant factors and looking at the totality of the circumstances, the Court finds abstention and dismissal under *Colorado River* is

appropriate with respect to the Plaintiffs' Tennessee state law claims. The Court further finds the Plaintiffs have failed to state a plausible claim for relief as to the pending Mississippi state law claims. Accordingly, the Court shall grant the Defendants' motion to dismiss the Plaintiffs' remaining Mississippi law claims, shall abstain from adjudicating the Plaintiffs' Tennessee state law claims, and shall dismiss this action.

An order in accordance with this opinion shall issue this day.

THIS, the 16ᵗʰ day of June, 2026.

_____
SENIOR U.S. DISTRICT JUDGE